DOCTOR'S HOSPITAL, INC., Plaintiff, *v.* IRVING KAHAL, Defendant.*

City Court of New York, New York County, July 31, 1934.

*Benjamin Shiverts,* for the motion.

*Becker & Leibowitz* and *Benjamin Leibowitz,* opposed.

MADIGAN, J. The motion to vacate the judgment and the motion to vacate the order in supplementary proceedings based on it will be granted.

To justify the entry of judgment respondent points to an order dated March 28, 1934, arguing that the order was authorized by subdivision 3 of section 231 of the Civil Practice Act, formerly section 436 of the Code of Civil Procedure.

The order of March 28, 1934, provided for serving the summons " upon the defendant by mailing a copy thereof and of this order to the defendant in the care of Warner Bros. at Burbank, California."

By the third subdivision of section 231 of the Civil Practice Act the Legislature did not empower the court to authorize service on a resident of this State by merely mailing process to him at an address outside the State, for the subject-matter of sections 230 and 231 of the Civil Practice Act is substituted service within the State.

If said subdivision of section 231 of the Civil Practice Act were intended to authorize such a method of serving the summons, the Legislature would have made the intent very clear, instead of indicating that the subdivision mentioned relates to service within the State; for when, during the nineteenth century, this provision was written into the statute, it would have been considered not

_____

* Affd., 155 Misc. 127.

only novel, but also of doubtful constitutionality, to authorize service on a resident by merely mailing the summons to a place outside the State.

Again, were jurisdiction to be acquired, pursuant to an order based on subdivision 3 of section 231 of the Civil Practice Act, solely by mailing process to a very distant place, where the alleged debtor might be said to be located, judgment could be entered and his property sold under execution long before it would be even possible to reach him by mail. Having no notice of the action, he would not have a chance to defend as a matter of right. He would have to come in praying for relief and showing a meritorious defense in the first instance.

Were such a questionable course intended, not only would the Legislature have made the intent very clear, but we would expect to find other provisions in the statute. At least we would expect it to be required that the court make some direction against the entry of judgment prior to the expiration of a reasonable time to appear or answer. Instead, we find that the Legislature enacted section 437 of the Code of Civil Procedure (See Rules Civ. Prac. rule 49), which supports what is said above as to the legislative intent indicated by subdivision 3 of section 231 of the Civil Practice Act. Settle order.